**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Blaine Travis FIFIELD, Defendant–**
**Appellant.**

No. 10–30234.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2012.*

Filed April 19, 2012.

Kris Allen Mclean, Esquire, Assistant U.S., Timothy John Racicot, Assistant U.S., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John Rhodes, Esquire, Assistant Federal Public Defender, Jessica L. Weltman, Esquire, Federal Defender Research, FDMT–Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

MEMORANDUM **

Blaine Travis Fifield appeals from the 12–month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Fifield contends that the district court erred at sentencing by relying on factors excluded from consideration under 18 U.S.C. § 3583(e), specifically, punishment and the need to promote respect for the law. Although the district court referred to punishment and the need to promote respect for the law, the record makes clear that the court did not primarily rely on those impermissible factors at sentencing. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir.2006). The court was concerned with a pattern of conduct that demonstrated that Fifield "ha[d] little respect for [the court's] command." *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir.2007).

Fifield also contends that his sentence is substantively unreasonable. The record reflects that, under the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, the sentence at the bottom of the advisory Sentencing Guidelines range is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.